[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14443
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:10-cr-00137-JSM-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK COOPER,
a.k.a. Derick Cooper,
a.k.a. Desmond Harmond,
a.k.a. Benjamin Perez,
a.k.a. Oneil Francis,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 25, 2011)

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Derrick Cooper pled guilty to one count of being an unlawful alien found in the United States after deportation for a felony, in violation of 18 U.S.C. § 1326(a)(1), (b)(1), and the district court sentenced him to a term of imprisonment of 27 months. He appeals his sentence, presenting one issue: whether the sentence is substantively unreasonable because the district court failed to consider all of the sentencing purposes of 18 U.S.C. § 3553(a). In deciding this issue, he argues, we should find that the court failed to consider the fact that he was sentenced to 21 months' imprisonment as a result of his probation violation, and that his sentence should have been imposed concurrently with, rather than consecutively to, his 21-month's sentence.

We review the reasonableness of a Guideline sentence, such as Cooper's, for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 56, 128 S.Ct. 586, 600, 169 L.Ed.2d 445 (2007). Reasonableness review is deferential; thus, if the district court imposed a sentence within the Guidelines sentence range, we would ordinarily expect the sentence choice to be reasonable and therefore not an abuse of discretion. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

When reviewing a sentence for reasonableness, we evaluate whether the sentence fails to achieve the purposes of sentencing set out in § 3553(a). *Id*. The

district court was required to impose a sentence sufficient, but not greater than necessary, to (1) reflect the seriousness of the offense, (2) promote respect for the law, (3) provide just punishment for the offense, (4) deter criminal conduct, (5) protect the public from future crimes of the defendant, and (6) provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The court also had to consider the following factors in arriving at the sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the guideline range; (4) the pertinent policy statements of the Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities; and (6) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7). While the court was required to evaluate all of the § 3553(a) factors, it was permitted to attach greater weight to one factor over others. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009), *cert. denied*, 129 S.Ct. 2847 (2009).

The commentary to the Sentencing Guidelines manual interpreting or explaining a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline. *United States v. Inclema*, 363 F.3d 1177, 1180 (11th Cir. 2004). In

3

relevant part, the commentary to Chapter 7 of the Sentencing Guidelines, which

governs probation violations, provides that:

> Under 18 U.S.C. § 3584, the court, upon consideration of the factors
> set forth in 18 U.S.C. § 3553(a), including applicable guidelines and
> policy statements issued by the Sentencing Commission, may order a
> term of imprisonment to be served consecutively or concurrently to
> an undischarged term of imprisonment. It is the policy of the
> Commission that the sanction imposed upon revocation is to be
> served consecutively to any other term of imprisonment imposed for
> any criminal conduct that is the basis of the revocation.

U.S.S.G. Ch.7, Pt.B, intro comment.

Because district courts are given due deference in assessing the statutory

factors, Cooper's opinion that the district court should have given weight to his

21-months' sentence for violating his probation under § 3553(a)(2)(A) is not a

sufficient reason to remand. *See United States v. Valnor*, 451 F.3d 744, 752

(11th Cir. 2006). Further, the court's imposition of the sentence as consecutive to,

rather than concurrent with, Cooper's sentence for his probation violation was

consistent with the commentary to the Sentencing Guidelines and the policies of

the Sentencing Commission.

Here, the record indicates that the court considered both parties' arguments,

the facts contained in the presentence investigation report, the Guidelines, and the

§ 3553(a) factors in determining that a sentence at the high end of the Guidelines

sentence range, to run consecutive to Cooper's sentence for his probation violation, was appropriate in light of all of the facts and circumstances.

AFFIRMED.